HAWTHORNE, Justice.
Plaintiff, Almon E. Sims, instituted an action in jactitation or a slander of title suit against the State Mineral Board and the Niloco Company. Plaintiff’s suit as to the defendant Niloco Company was dismissed as of non-suit, and the State Mineral Board is the only defendant.
Plaintiff, alleging himself to he the true and lawful owner by mesne conveyances of the NEj4 of the SEJ4, Section 2, Township 8 South, Range 11 West, in Calcasieu Parish, and in actual, physical, and corporeal possession thereof continually, openly, and without interruption for more than one year prior to the alleged slander, further alleged that the defendants were slandering his title to the oil, gas, and other minerals on or under the property by having caused to he placed of record in the conveyance records of Calcasieu Parish an oil, gas, and mineral lease in which the mineral board was the lessor and the Niloco Company was the lessee, and by defendants’ publicly asserting ownership of the mineral rights under the tract of land. The mineral board in its answer admitted the execution of the lease, but denied plaintiff’s allegation of ownership of the property and claimed title in the State of Louisiana to the minerals on and under the tract of land, and thereby converted the suit into a petitory action.
*347 The defendant' mineral board, plaintiff in the petitory action, alleged that the property was adjudicated to the State of Louisiana for non-payment of taxes for the year 1920 under assessment in the name of Swift Land Company of Lake Charles, Louisiana; that thereafter by act of sale dated December 4, 1926, and pursuant to the provisions of Act 237 of 1924, as amended, it was sold by the State of Louisiana to John H. Poe by the sheriff and ex officio tax collector of Calcasieu Parish, acting pursuant to an order from the Register of the State Land Office; that on December 22, 1926, the state executed a patent to John H. Poe covering the property. The act of adjudication by the sheriff and the patent were both recorded in the conveyance records of Calcasieu Parish, and certified copies thereof annexed to defendant’s answer. The board further alleged that the sale of the property and the patent issued by the state to John H. Poe pursuant thereto created a new title and were made subject to the provisions of Section 2 of Article 4 of the Constitution of 1921, and that by force thereof the mineral rights in the property were reserved to the State of Louisiana, which has not been divested of ownership of these mineral rights and is the present owner thereof.
After answer was filed by the mineral board, plaintiff by rule submitted to the court the question of his right to judgment upon the pleadings, and filed pleas of estoppel and prescription. On trial of this rule the mineral board offered in evidence (1) excerpts from the act of adjudication to the State of Louisiana for non-payment of 1920 taxes assessed in the name of Swift Land Company, (2) the proces verbal of the adjudication from the state to Poe, and (3) the patent from the state to Poe. After trial of this rule the lower court rendered judgment rejecting the mineral board’s demand and récognizing plaintiff Sims to be the owner of the minerals on and under the property in controversy. From this judgment the mineral board has appealed, and on appeal urges that this court should reverse the judgment of the lower court and remand the case to the court below for trial on the merits, particularly to determine whether John H. Poe was the owner or tax debtor when the adjudication to him was made and the patent issued.
Article 4, Section 2, of our Constitution provides in part: “* * * In all cases the mineral rights on any and all property sold by the State shall be reserved, except where the owner or other person having the right to redeem may buy or redeem property sold or adjudicated to the State for taxes. * * * ” (All italics ours.).
Act 237 of 1924, as amended, now LSA— RS 47:2189, under which the sheriff’s adjudication was made to John H. Poe, provides a means for the sale of unredeemed property bid in for, and adjudicated to, the state for unpaid taxes. Such sale is *349 made by the sheriff of the parish in which the property is located to the last and highest bidder for cash, and the minimum price shall be the value as fixed in the assessment under which the property was adjudicated to the state. Further, if at any moment before the actual adjudication takes place the tax debtor, his heir, administrator, executor, assign, or successor shall pay to the sheriff all taxes and interest due upon the property, as well as 20 per cent thereof added thereto and all interest and costs, the adjudication shall be made by the sheriff to the tax debtor, his heir, administrator, executor, assign, or successor, as the case may be, by preference over all other bidders, even though they have bid larger sums. The sheriff making the sale shall deliver to the purchaser who has complied with his bid by paying the price of the adjudication to him a proces verbal of the sale, and upon surrender thereof to the Register of the State Land Office the purchaser shall be entitled to a patent.
In the proces verbal of the sheriff to Poe, as well as in the patent issued to him, no express reservation of the minerals was made.
The act of adjudication to the state for non-payment of 1920 taxes discloses that the property had an assessed valuation of $200, and the proces verbal of the sheriff’s adjudication to Poe sets forth that he, the sheriff, exposed the property for sale at public auction for cash for not less than this assessed valuation, and that the property had been adjudicated to the state for the unpaid taxes of 1920 on an assessment in the name of Swift Land Company. The proces verbal further recites that J. H. Poe was the present owner of the pfoperty and the tax debtor on the same; that Poe paid unto him, the sheriff, the amount of the taxes due upon the property as well as 20 per cent added thereto and all costs of the sale; that he did, pursuant to the provisions of Act 237 of 1924, “sell, assign, adjudicate, and set over unto the said J. H. Poe, * * * the adjudicatee and tax debtor, the aforesaid property, he being the owner thereof and entitled to full interest in the said property”.
It will be observed that the sheriff sold the property for less than its assessed value, that is, for the taxes due plus penalties, interest, and costs, and he could have accepted this bid under the provisions of the act only in the event the adjudicatee was the tax debtor, his heir, administrator, executor, assign, or successor.
If the statements of fact in this proces verbal that J. H. Poe was the owner of the property and the tax debtor are true, the sale to him falls squarely within the exception in the constitutional provision that in all sales made by the state the minerals shall be reserved “except where the owner or other person having the right to redeem may buy or redeem property sold or adjudicated to the State for taxes”, and Poe acquired the minerals on and under the property. The State Mineral *351 Board in its pleadings does not allege that these statements of fact are untrue or false, but on the contrary vouched for the proces verbal by offering it in evidence without any restrictions or limitations whatsoever.
It is so well settled in this state that no citation of authority is necessary that the plaintiff in a petitory action must recover on the strength of his own title and not on the weakness of his adversary’s. The mineral board in the instant case by the evidence adduced by it on the trial of the rule, when considered with its pleadings and the documents attached thereto, has failed to establish the state’s title to the minerals in question, and the judgment of the lower court rejecting its demands was correct.
Appellant, the mineral board, contends that under Act 237 of 1924, as amended, LSA-RS 47:2189, when the sheriff adjudicated the property to Poe, a sale, not a redemption, was consummated, and that, when the patent was issued pursuant to this sale, a new title was created, in which must be read the constitutional restriction that in all sales of state property the minerals must be reserved. In our opinion it is immaterial whether the adjudication be considered a sale or a redemption, for the article of the Constitution relied on provides that the minerals shall be reserved except where the owner or other person having the right to redeem may buy or redeem property sold or adjudicated to the state for taxes.
In arriving at the conclusion which we have reached' in this case, it is not necessary to pass upon the question of whether the mineral board, an agency of the state, is bound by the allegations of fact found in the sheriff’s proces verbal of the sale to Poe or is estopped to deny them. No allegations have been made by it as to the untruthfulness or incorrectness of these statements or that the adjudicatee was not the tax debtor or a person entitled to redeem, and it would serve no useful purpose to remand the case to the court below in the absence of such allegations. Furthermore, plaintiff in the petitory action did not request or seek the right to amend its pleading in the lower court, nor does it ask leave to amend in the event this court should order the case remanded. Under these circumstances we can afford it no relief.
We do not, however, think that the judgment of the lower court was correct insofar as it recognized the plaintiff Sims to be the owner of the mineral rights in ' the oil, gas, and other minerals under the property.
In the prayer of the petition plaintiff prayed only that the defendants be ordered to assert or disclaim any title, right, or ownership in the property and in the oil, gas, and other minerals on and under the property, and that there be judgment *353 against the defendants, State- Mineral Board and Niloco Company, cancelling the inscription of an oil, gas, and mineral lease in which the mineral board was the lessor and the Niloco Company the lessee, recorded in the conveyance records of Calcasieu Parish, Louisiana. In his prayer for the rule for judgment on the face of the papers he prayed only that there be judgment on the pleadings in his favor and rejecting the demands of the defendant. Furthermore, since the State Mineral Board in its answer denied that plaintiff was the true and lawful owner of the property by'mesne conveyances, and since there is no evidence whatsoever in the record disclosing in what way or in what manner plaintiff Sims acquired the property, the judgment recognizing him to be the owner was not proper. Moreover, we cannot grant the prayer of plaintiff’s petition for the cancellation of the inscription of the oil and gas lease since he has dismissed his suit as of non-suit against the Niloco Company, a party to the lease, and it is no longer a party to this suit.
The plaintiff Sims has answered the appeal, praying that the judgment of the lower court be amended to the extent of sustaining the plea of estoppel and the plea of prescription to defendant’s petitory action filed by him in the lower court. Since we have concluded to affirm the judgment of the lower court rejecting defendant’s demand, there is no necessity for us to pass on these pleas.
For the reasons assigned, the judgment appealed from is affirmed insofar as it rejected the demands of the defendant, State Mineral Board, and is reversed and set aside insofar as it recognized plaintiff, Almon E. Sims, to be the owner of the mineral rights and the oil, gas, and other minerals in or that may be under or produced from the following described land situated in the Parish of Calcasieu: NEj4 of SEi/4, Section 2, Township 8 South, Range 11 West. Costs of these proceedings insofar as allowed by law are to be paid by appellant, State Mineral Board.
FOURNET, C. J., concurs in the decree.
MOISE, T., concurs.